UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16cv135-RLV
(5:05cr9-RLV-4)

| | |
|---|---|
| ROXANNE KIMARIE ECKLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon initial review of Roxanne Kimarie Eckles's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Also before the Court is Petitioner's motion to compel this Court to run her federal and state sentences concurrently. (Doc. No 2.)

**I. BACKGROUND**

Petitioner pled guilty in federal district court to conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, Sch. II controlled substances, and possession with intent to distribute a quantity of marijuana, a Sch. I controlled substance, in violation of 21 U.S.C. § 846. (Judgment, 5:05cr9-RLV-4, Doc. No. 764.) This Court sentenced Petitioner to 240 months imprisonment. (Judgment, supra.) Judgment was entered on May 8, 2007, and she did not appeal.

On June 11, 2012, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence in this Court pursuant to 28 U.S.C. § 2255, challenging her 2007 conviction. (Motion to Vacate, 5:12-cv-00074-RLV, Doc. No. 1.) The Motion was dismissed as untimely on July 9, 2012.

1

(Order Den. Mot., 5:12-cv-00074-RLV, Doc. No. 2.) Petitioner filed the instant § 2255 Motion to Vacate on June 21, 2016, when she signed and placed it in the prison mail system. (Doc. No. 1 at 6.)

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings, which directs district courts to examine habeas motions promptly. Rule 4(b), 28 U.S.C.A. foll. § 2255. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the court must dismiss the motion. Id.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his or her criminal judgment in a subsequent collateral proceeding. See 28 U.S.C. § 2244. This Court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Because Petitioner offers no indication that she has obtained certification from the court of appeals to file a second or successive § 2255 motion, her § 2255 motion must be dismissed as unauthorized.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized successive § 2255 motion;

2. Petitioner's Motion to Compel The Court to Run State Sentence with Federal Sentence (Doc. No 2) is **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a

denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: September 7,

Richard L. Voorhees
United States District Judge